**John William SMITH, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67-C-35-H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

Feb. 14, 1968.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed by John William Smith *in forma pauperis*, pursuant to 28 U.S.C. § 2241.

Petitioner is currently serving a term of twenty years in the Virginia State Penitentiary pursuant to a conviction of first degree murder in the Circuit Court of Shenandoah County, Virginia on September 28, 1962. At his trial before a jury, petitioner was represented by court appointed counsel. No appeal was taken from his conviction.

A habeas corpus hearing was conducted by the State Court in Shenandoah County on August 18, 1966. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered October 3, 1966. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on March 7, 1967.

Petitioner now seeks a writ of habeas corpus from this court alleging (1) inadequate representation of counsel and failure to advise petitioner of his right to appeal (2) failure to provide counsel at petitioner's preliminary hearing (3) perjury by an eye witness.

The pertinent facts can be recited briefly: Petitioner was arrested on July 19, 1962 on suspicion of murder. A preliminary hearing, during which petitioner was not represented by counsel, was held on July 26, 1962. A jury trial was held in the Circuit Court of Shenandoah County on September 28, 1962 and petitioner entered a plea of not guilty. During the course of the trial an eye witness to the crime, Mrs. Adoline Gordon, testified until such time as she became emotionally upset and was excused from the witness stand. Petitioner did not testify in his own behalf. The jury returned a verdict of guilty and petitioner was sentenced to twenty years imprisonment. A more detailed presentation of the facts is covered later in this opinion.

Having studied the record, this court is satisfied that the record is an adequate basis on which to make a decision. Therefore, there is no need for a plenary hearing.

Petitioner's first allegation raises the familiar claim that he was deprived of effective representation by counsel. It is clear that a prisoner seeking "his release by habeas corpus on the ground of ineffective assistance of counsel has the burden of proving the charge made * * * the denial of a petitioner's constitutional rights must be proved by a preponderance of the evidence." Peyton v. Fields, 207 Va. 40, 147 S.E.2d

762, 766 (1966). The petitioner here has not met this burden of proof. The evidence produced at the State habeas corpus hearing clearly shows that petitioner's attorneys were diligent in their efforts in his behalf. The only possible error was in excusing a key witness who became emotionally upset while testifying. Petitioner contends that his attorneys "should have kept the witness on the stand until she broke down and told the truth." At most, this could only be urged as an error in trial tactics, and such an error does not constitute inadequate representation of counsel. Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552, 554 (4th Cir. 1964).

■ The alleged failure of petitioner's attorneys to advise the petitioner of his right to appeal raises a more serious question and will require further examination of the facts. One of petitioner's attorneys stated that he had "casually mentioned" to petitioner that he of course had the right to appeal the verdict. Petitioner admits that he never expressed any desire to appeal, nor is there any evidence that petitioner expressed dissatisfaction with the verdict. Thus the facts of this case are distinguishable from those in Puckett v. State of North Carolina, 343 F.2d 452 (4th Cir. 1965), where the petitioner *expressed* a desire to appeal and was not informed of his right to do so even though he was an indigent. It may be that the present petitioner's attorneys were mistaken in "casually mentioning" the right to appeal, rather than explaining such a right in detail. However, "occasional shortcomings of counsel are a danger confronting all, * * * and those able to retain counsel may forfeit the right to appeal through such oversight or ineptitude as fully as those who are not." United States ex rel. Mitchell v. Follette, 358 F.2d 922, 925–926 (2d Cir. 1965). In *Follette*, the Second Circuit Court of Appeals remanded the case for a hearing on the factual question of the trial judge's conduct. But as a matter of law, the court held that failure of petitioner's attorney to advise petitioner of his right to appeal did not deprive petitioner of his constitutional rights. "[T]he court, and hence the state, is not a surety for the proper performance of counsel, whether assigned or retained * * *." United States v. Follette, supra, at 927.

■ There is no merit to petitioner's contention that he was deprived of his right to counsel at the preliminary hearing. At the time of the proceedings against petitioner, the preliminary hearing in Virginia was not a critical stage of the judicial process. Ward v. Peyton, 349 F.2d 359 (4th Cir. 1965). The requirement of a preliminary hearing is procedural only, and any defect in connection therewith must be raised before trial, or is lost as a ground of objection. Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963); Snyder v. Commonwealth, 202 Va. 1009, 121 S.E. 2d 452 (1961). There is no evidence that petitioner was in any way prejudiced by lack of counsel at his preliminary hearing.

■ Petitioner's final allegation is that one of the witnesses gave false testimony at the trial. The credibility of witnesses is not a proper ground to raise by a writ of habeas corpus. Therefore, this court assumes that petitioner is urging this ground, as he did at the State habeas corpus hearing, to prove that petitioner's attorneys failed to act properly in handling this witness. The question of inadequate representation of counsel is discussed earlier in this opinion, and the point will not be belabored again. This court finds that petitioner has failed to raise any serious question as to the adequacy of representation by petitioner's counsel.

For the reasons stated in this opinion and upon mature consideration of the facts relied on by petitioner in the case at bar, this court feels that the allegations are without merit.

Therefore, it is hereby ADJUDGED and ORDERED that the petition for habeas corpus be and hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.