**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy DeBOSE, Jr., Defendant-Appellant.**

**No. 20111.**

United States Court of Appeals, Sixth Circuit.

Oct. 27, 1970.

John G. Cobey (Court appointed), of Cohen, Todd, Kite & Spiegel, Cincinnati, Ohio, for defendant-appellant.

William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief.

Before McCREE, BROOKS, and MILLER, Circuit Judges.

McCREE, Circuit Judge.

In 1968, appellant was convicted of robbing a federally-insured bank, but his conviction was overturned by this court on the authority of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). United States v. DeBose, 410 F.2d 1273 (6th Cir. 1969). A jury has again convicted him on the same charge, and we consider his second appeal. We affirm.

Appellant argues that the identification testimony of two witnesses at the second trial was the result of procedures "so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law". Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). (It is conceded here, as the District Judge recognized, that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), is inapplicable, since that decision does not have retroactive effect and was handed down some 20 days after the challenged lineups.)

The first of these identifications was made by a Lieutenant Felix of the Memphis Police Department. Shortly after the robbery, Felix' attention was attracted by a speeding automobile in the vicinity which he promptly pursued. The vehicle stopped in front of a house at 665 East McLemore Street, and as Felix scrutinized the license plate number, one of the two occupants of the car shot at him twice from a distance of about 30 feet. The next morning, on arrival at the police station, Felix was asked to come to the Robbery Bureau. In the room were appellant and several police officers, and, according to Felix' testimony, "When I walked through the door into the Robbery Bureau, they asked me had I seen this defendant before, and I said, 'Yes, sir, he is the one that shot at me on McLemore.'"

■ Appellant contends that this procedure was equivalent to a one-man line-up, cf. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and deprived him of due process of law. Although appellant was the only civilian in a room full of policemen, there is no testimony that the Robbery Bureau officers indicated to Felix that there was any connection between appellant and the man who had fired the shots on McLemore. In any case, Felix, a ranking police officer with 19 years' experience on the force, is not the kind of witness likely to be susceptible to suggestion. Cf. United States v. Wade, 388 U.S. 218, 230, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Accordingly, we hold that Lieutenant Felix' in-court identification of DeBose was not so tainted by suggestive lineup procedures as to be inadmissible under due process standards. Compare Coleman v. Alabama, 399 U.S. 1, 3–6, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), with Foster v. California, 394 U.S. 440, 442–443, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).

The other challenged in-court identification was made by Mrs. Crowell, a teller at the bank. By her own admission she was "scared and upset" following the robbery. On the evening of the crime, she identified a photograph of DeBose, and the next morning, two photographs, one of Mrs. Crowell and the other of DeBose, appeared together in the Memphis Commercial Appeal. Mrs. Crowell testified that she knew DeBose's name before she attended the line-up held on the day following the robbery. At that lineup, each person was ordered to step forward and state his name. Other than DeBose (who is 6'5"), only one man in the lineup, a policeman in uniform, was as tall as six feet. At the lineup, Mrs. Crowell identified DeBose as the man who had robbed her.

■ The District Judge conducted a hearing in the absence of the jury, and held that the infirmities complained of affected only the weight of the identification and not its admissibility. We disagree. Under these circumstances, we determine that the lineup was imper-

missibly suggestive. The calling of the suspect's name which was known to the witness tended to reduce the procedure to a one-man lineup, *see* Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967). And the great discrepancy in height between DeBose and the other men in the lineup, *see* Foster v. California, 394 U.S. 440, 441, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), tended to insure that Mrs. Crowell, who had been hysterical and upset after the robbery, would identify DeBose as the robber, and that, once made, her identification would remain fixed in her mind. United States v. Wade, 388 U.S. 218, 229, 87 S. Ct. 1926, 18 L.Ed.2d 1149 (1967). Accordingly, her identification testimony should not have been admitted as evidence at the trial.

The question remains, however, whether this constitutional error was harmless under the standard set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Harrington v. United States, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). When considering a motion to dismiss in the absence of the jury, the District Judge said, "I have been on the bench for eight years, and this is about as strong a case as I have ever seen the Government present". We agree that the untainted evidence of guilt was overwhelming. Minutes after the robbery, Lieutenant Felix found $31,000 in the car in which the man who had shot at him had been riding ($32,000 was the amount taken in the robbery, and another $1,000 was recovered later). The identifying marks on the money wrappers matched those used by Mrs. Crowell at the bank. DeBose admitted at trial that he owned the car in which the money was found. Appellant's cousin testified that shortly after the robbery, DeBose came running into the house in which she was living (and which was near the site of the shooting on McLemore), changed his clothes (he had been wearing a suit similar to the one described by eyewitnesses of the robbery), and that DeBose and a confederate "was talking to one another

about splitting up something". DeBose asked the witness to "look outside to see if any police was out there". The two men had a pistol. Other incriminating testimony included a bank customer's eyewitness identification of DeBose which was not tainted by suggestive procedures.

On this record, the evidence of appellant's guilt is so overwhelming that we are confident, to a moral certainty, that the jury would have convicted him even if the tainted evidence had not been introduced. Accordingly, we hold that the error in its admission was harmless, and the judgment of the District Court is affirmed.

The court expresses its thanks to John G. Cobey, Esq., of the Cincinnati Bar, who as appointed counsel represented appellant before this court with skill and forcefulness.