**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**August SERIO, also known as Delbert Beard, Defendant-Appellant.**

**No. 20612.**

United States Court of Appeals,
Sixth Circuit.

April 6, 1971.

Lawrence S. Katkowsky, Detroit, Mich., for appellant.

James W. Russell, Detroit, Mich., Ralph B. Guy, Jr., U. S. Atty., J. Kenneth Lowrie, Asst. U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before PECK, BROOKS and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from a conviction for bank robbery. 18 U.S.C. § 2113(d).

In separate trials the appellant and two co-defendants were convicted of robbing the National Bank of Jackson, Michigan, Southwest Plaza Branch. The robbery of the bank, which is undenied, occurred on December 5, 1968. Issues were raised in connection with the identification of the individuals involved. One of the principle identification witnesses against this appellant was Jan Findley, who worked in a store two doors from the bank. She testified, in effect, that she observed three men walking by the window of her shop (immediately preceding the robbery) but was able to identify only the appellant and one of the other two individuals. Mrs. Findley identified the appellant in a line-up shortly after his arrest, made a photographic identification subsequent to the line-up, and identified him in the courtroom during the trial.

Appellant was represented by counsel at the time of the line-up and because of counsel's objections there were changes made in the personnel involved in the line-up. There was a conflict in the testimony with regard to certain other objections to the line-up which counsel alleged he made and which were denied by representatives of the Detroit Police Department. These objections apparently related to skin color or skin tone, since all of the individuals in the line-up were negroes, and the appellant had been previously described as "light skin." Appellant was also identified in the line-up by one of the bank tellers, who subsequently made a photographic identification of the appellant, and who identified him in the courtroom during the trial. No counsel was present at the time the witnesses made the photographic identification nor was counsel afforded an opportunity to be present.

Prior to the in-court identification of the appellant by the witnesses, the trial judge held an extended hearing as required by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), to determine whether the objections asserted to the line-up procedure were well taken before submitting the

issue of identification to the jury and determining that the Constitutional rights of the appellant had not been infringed by the line-up procedure or by the photographic identification. We agree. The trial court indicated a recognition of the claim that some white people have difficulty in identifying negroes. In this case it appears that the witness, Jan Findley, was married to a negro, and she testified affirmatively that she had no such identification difficulty. It does not appear from the record that there were any great discrepancies in size or decription such as were found by this Court to have existed in United States v. DeBose, Jr., 433 F.2d 916 (6th Cir. 1970) where this Court held that there was no error despite the fact that the defendant was six feet five inches tall and the next tallest individual in the line-up was six feet tall.

■ We have examined with care the cases cited by counsel for the appellant, Foster v. California, 394 U.S. 440, 89 S. Ct. 1127, 22 L.Ed.2d 402 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966); United States ex rel. Rutherford v. Deegan, 406 F.2d 217 (2nd Cir. 1969), and others. Each of the cited cases is distinguishable upon its facts or reaches a legal conclusion contrary to that advocated by counsel for this appellant. This Court is satisfied that the pretrial line-up identification by the witnesses was properly conducted.

■ Counsel for the appellant claims that the photographic identification of the appellant, following the line-up and in the absence of counsel for the appellant, violated the appellant's Constitutional rights under the Sixth Amendment. Counsel urges that the rule announced in United States v. Wade, *supra*, which requires the presence of counsel at a line-up should be extended to photographic identifications and relies upon United States v. Zeiler, 427 F.2d 1305

(3rd Cir. 1970). We are not persuaded by the Court's opinion in *Zeiler* and find that all other Circuits which have considered the issue have resolved against the claims of this appellant. The language of Judge Friendly in United States v. Bennett, 409 F.2d 888 (2nd Cir. 1969) cert. denied, 396 U.S. 852, 90 S. Ct. 113, 24 L.Ed.2d 101, reh. denied, 396 U.S. 949, 90 S.Ct. 376, 24 L.Ed.2d 256, meets with our approval and effectively disposes of the appellant's claims in this respect. As stated by Judge Friendly in 409 F.2d 888, at 889, 900:

"Against this, to require that defense counsel be allowed or appointed to attend out-of-court proceedings where the defendant himself is not present would press the Sixth Amendment beyond any previous boundary. None of the classical analyses of the assistance to be given by counsel, Justice Sutherland's in Powell v. Alabama, 287 U.S. 45, 68–69, 53 S.Ct. 55, 77 L. Ed. 158 (1932), and Justice Black's in Johnson v. Zerbst, *supra*, 304 U.S. [458] at 462–463, 58 S.Ct. 1019, [82 L.Ed. 1461] and Gideon v. Wainwright, *supra*, 372 U.S. [335] at 344–345, 83 S.Ct. 792, [9 L.Ed.2d 799], suggests that counsel must be present when the prosecution is interrogating witnesses in the defendant's absence even when, as here, the defendant is under arrest; counsel is rather to be provided to prevent the defendant himself from falling into traps devised by a lawyer on the other side and to see to it that all available defenses are proffered. Many other aspects of the prosecution's interviews with a victim or a witness to a crime afford just as much opportunity for undue suggestion as the display of photographs; so, too, do the defense's interviews, notably with alibi witnesses. Although in *Simmons* [Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 1247] the Court noted that the right to counsel was not involved, since the photographs were shown to the witnesses before any arrests had been made, Mr. Justice Harlan's opinion

contains language bearing on this problem, 390 U.S. at 384, 88 S.Ct. 967, at 971:

Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on mis-identification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement.

And in *Wade* itself, the Court listed as one of the ways the prosecution might attempt to show that a witness' identification of defendant at trial was not the fruit of a lineup held in the absence of counsel a showing of 'the identification by picture of the defendant prior to the lineup,' 388 U.S. at 241, 87 S.Ct. 1936 at 1940, which clearly implies that such identifications are permissible even when defendant's counsel is not present. Since we thus refuse to project United States v. Wade and its siblings into new ground, see McGee v. United States, 402 F.2d 434, 436 (10 Cir. 1968), we have no occasion to consider the effect or validity of 18 U.S.C. § 3502, added by § 701 of the Crime Control Act of 1968."

Accord see: McGee v. United States, 402 F.2d 434 (10th Cir. 1968); cert. denied 394 U.S. 908, 89 S.Ct. 1020, 22 L.Ed.2d 220; Rech v. United States, 410 F.2d 1131 (10th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 457, 24 L.Ed.2d 438; United States v. Robinson, 406 F. 2d 64 (7th Cir. 1969), cert. denied, 395 U.S. 926, 89 S.Ct. 1783, 23 L.Ed.2d 243; United States v. Ballard, 423 F.2d 127 (5th Cir. 1970); United States v. Collins, 416 F.2d 696 (4th Cir. 1969), cert. denied, 396 U.S. 1025, 90 S.Ct. 601, 24 L.Ed.2d 519; Allen v. Rhay, 431 F.2d 1160 (9th Cir. 1970).

This Court is satisfied that United States v. Wade, *supra,* should not be projected to require the presence of counsel during the course of a photographic identification by witnesses as claimed by this appellant, and we hold that the presence of counsel under such circumstances is not required.

We now come to an interesting facet of this trial. During the course of the trial the appellant and one of his co-defendants made an effort to escape from custody which was temporarily successful. This escape attempt occurred at the end of a trial day at a time when the Government had rested its case but prior to the conclusion of the trial. It would appear from the record that the escape attempt created a substantial disturbance within the Federal Building in Detroit, in which the trial was being held, and it further appears that at least one of the jurors before whom the appellant was being tried observed some aspects of the attempted escape. Counsel for the appellant moved for a mistrial after the appellant attempted to escape from the custody of the United States Marshal because of the disturbance created by the attempted escape, and also because of the voir dire examination of the jury conducted by the trial court subsequent to the escape attempt.

■ The trial of this case commenced on July 11, 1969, the escape attempt occurred on July 23, 1969. At the opening of the trial on the next trial day after the attempted escape, and at the request of counsel for both appellant and the Government, the trial court interrogated each of the jurors individually as to that which each had seen, heard and read in regard to the escape attempt which occurred while they were leaving the building at the conclusion of the trial on the

previous day. Admittedly, there was much excitement in and about the Federal Building in Detroit at the time in question. There are numerous cases which sustain the position taken by the trial judge in this case in the denial of the motion for mistrial on the part of this appellant. Marson v. United States, 203 F.2d 904 (6th Cir. 1953); United States ex rel. Stickler v. Tehan, 365 F.2d 199 (6th Cir. 1966), cert. denied, 386 U.S. 992, 87 S.Ct. 1306, 18 L.Ed.2d 336, reh. denied, 387 U.S. 926, 87 S.Ct. 2028, 18 L.Ed.2d 986; United States v. Gibas, 300 F.2d 836 (7th Cir. 1962); United States v. Agueci, 310 F.2d 817 (2nd Cir. 1962). All of the cases cited lead to but one logical conclusion. The granting or denial of a mistrial is a matter confided to the broad discretion of the trial judge after consideration of all the surrounding circumstances.

During the voir dire examination of the jury, subsequent to the escape attempt, two of the jurors indicated some doubts as to their ability to render a fair and impartial verdict because of their knowledge of the escape attempt. Each of such jurors was replaced by an alternate juror who indicated an ability to reach a fair and impartial verdict. Appellant places his principal reliance in regard to the alleged error in the voir dire examination of the jury conducted by the trial judge upon Silverthorne v. United States, 400 F.2d 627 (9th Cir. 1968), and also relies upon Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), each of which we find inapplicable.

■■ At the conclusion of the proofs for the defense and on motion of the Government the proofs for the Government were reopened and testimony was offered and received in regard to the escape efforts on the part of the appellant. If there had been error in the failure to grant a mistrial because of knowledge obtained outside the courtroom in regard to the alleged attempt to escape on the part of the appellant, in the opinion of this Court any such error was cured during the course of the trial when the trial court permitted the Government to reopen its proofs to present evidence of the attempted escape. Appellant claims that the trial court's decision to permit the Government to reopen its proofs to put before the jury the evidence of the appellant's attempted escape was error. With this we cannot agree.

As stated by this Court in United States v. Wade, 364 F.2d 931, 936 (6th Cir. 1966), in discussing the trial court's action in permitting the Government to reopen its proofs: "the conduct of a criminal trial is a matter within the discretion of the court (citations omitted) and such discretion will not be disturbed in the absence of a clear showing of abuse. Johnson v. United States, 207 F.2d 314, 322 (5th Cir. 1953)."

■■ This Court is satisfied that a trial judge has a right and a duty to permit the Government to reopen its proofs to present any pertinent evidence not previously available which has been brought to the attention of the Government and which would be of assistance to the jury in determining the guilt or innocence of the accused. The admissibility of evidence of escape or attempted escape by an accused has been the subject of much text material over a long period of years as well as the subject of many decisions. As stated in 2 Wigmore on Evidence, Third Edition, § 276, a portion of which is quoted with approval in Marcoux v. United States, 405 F.2d 719, 721 (9th Cir. 1968), (citations, footnotes and annotations omitted):

"Flight from justice, and its analogous conduct, have always been deemed indicative of a consciousness of guilt. 'The wicked flee, even when no man pursueth; but the righteous are bold as a lion.' In our primitive system of law, the accused who fled, whether innocent or guilty, suffered forfeiture and escheat; though this was rather a mode of deterring him from refusing to appear for judgment than any evidential rule.

"It is today universally conceded that the fact of an accused's flight, es-

cape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.

"This principle has been so many times sanctioned that its frequent modern repetition has become redundant; no further judicial attention should be paid to any bill of exceptions so presumptuous as to raise the question. * * * "

In conclusion it should be stated that this Court is satisfied that the line-up identification was properly conducted; that the photographic identification was properly conducted, and that the presence of counsel was unnecessary. The Court is satisfied that the trial court conducted a proper voir dire examination of the jurors subsequent to the escape attempt, and that the Court exercised proper discretion in permitting the Government to reopen its proofs to put in evidence with regard to the attempted escape. In view of the disposition of the issues covered by this opinion, the Court is satisfied that there are no other allegations of error which require discussion.

For the reasons herein stated the judgment of the trial court is affirmed.