**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Allen ROSE a/k/a Louis X Carr,
Defendant-Appellant.**

**No. 20613.**

United States Court of Appeals,
Sixth Circuit.

April 13, 1971.

Coleman E. Klein, court appointed, Detroit, Mich., on brief for appellant.

James W. Russell, Detroit, Mich., for appellee; Ralph B. Guy; U. S. Atty., J. Kenneth Lowrie, James W. Russell, Asst. U. S. Attys., Detroit, Mich., on brief.

Before PECK, BROOKS and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from a conviction for bank robbery. Title 18 U.S.C. § 2113(d). Appellant was found guilty after a jury trial. He presents two is-

sues to this Court, which he states as follows, First:

"Whether the Government's pretrial display of photographs to its identification witnesses in the absence of counsel after appellant was in custody violated appellant's right to counsel under the Sixth Amendment and his right to due process of law under the Fifth Amendment to the United States Constitution so that the aforesaid witnesses' in-court identification testimony should have been excluded."

This issue has been discussed and disposed of in a related case, No. 20,612, United States v. August Serio, 440 F.2d 827, in which the conviction of the appellant's co-defendant was before this Court. The decision of the Court was adverse to the claim of this appellant.

The second issue is expressed as follows:

"Whether the warrantless search by the police of the apartment in which appellant was living violated appellant's rights under the Fourth Amendment to the United States Constitution so that the testimony thereof by the aforesaid police officers should have been excluded and the evidence seized as a result of that search suppressed."

A brief review of the facts will suffice. The National Bank of Jackson (Michigan) Southwest Plaza Branch was robbed by three men, armed with guns, on December 5, 1968, at approximately 1:25 p. m. A description of the robbers, including the license number of the automobile assumed to have been used in connection with the robbery was broadcast immediately. Within less than two hours the automobile was located. The officers who made the discovery of the automobile, which was parked, found footprints in the snow leading from the parked automobile to an apartment house a few doors away, and there found wet footprints leading upstairs. An occupant of a downstairs apartment was interrogated and informed the police officers that two men had parked the alleged get-away automobile immediately before the arrival of the officers and had gone upstairs just minutes before the officers arrived. The occupant also informed the officers that apartment number 3 was the only one that should be occupied.

Three officers went upstairs in the apartment house, went to apartment 3, knocked at the door and announced their presence, and received no response. They proceeded to the other upstairs apartments and did likewise, with the same result. They returned downstairs and advised their superior officer of what had occurred, they were then ordered to return to the upstairs of the apartment house and check the empty apartments. They knocked at the numbered entrance door of each apartment and received no response. The officers then proceeded to an unmarked door, about 12 feet from the door marked apartment 4, one of the officers rapped on the door and announced his presence and purpose, and noted that the door was ajar. There was no response, but the officer pushed the door further open and saw a man standing in an inside room with a rifle in his hands and a large amount of money on the bed next to the man. The man was arrested and a second armed defendant was arrested in the same apartment.

The basic issue is whether the further opening of the door and the subsequent observation and arrest of the individuals, the seizure of the guns and the money were reasonable, within the meaning of the Fourth Amendment to the Constitution of the United States, under all the circumstances then existing. The Trial Court ruled that the officers had probable cause to make the entry through the door which was ajar, to make the arrest, and to make the seizure of money and guns. We agree.

A case involving similar facts was before the Court of Appeals for the District of Columbia in Chappell v. United States, 119 U.S.App.D.C. 356, 342 F.2d 935 (1965). In that case the officers

had been informed that the suspected felons were within the premises of an apartment house. Police officers entered and searched the apartment house and made the arrest. We think the language of the Court of Appeals for the District of Columbia is appropriate:

"[5–10] In light of the facts known to the officers prior to their knocking on the door and the reasonable inferences from Miss Gainey's reply, a prudent and cautious police officer could reasonably have concluded that immediate entry to the apartment was imperative. Had the suspects, for example, disposed of or destroyed the stolen goods while a warrant was being sought, the delay in entering would have frustrated effective police action and investigation, and perhaps rendered a just verdict impossible. We find the totality of circumstances in this case reveals that the police entry here was made in "necessitous haste" after a proper manifestation of authority and purpose. Consequently, the pursuant arrest and search were valid.

Affirmed." 342 F.2d 935, 938.

In Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), the Supreme Court under similar circumstances said at page 298, 87 S.Ct. at page 1645:

"We agree with the Court of Appeals that neither the entry without warrant to search for the robber, nor the search for him without warrant was invalid. Under the circumstances of this case, "the exigencies of the situation made that course imperative." McDonald v. United States, 335 U.S. 451, 456 [69 S.Ct. 191, 93 L.Ed. 153].

The police were informed that an armed robbery had taken place, and that the suspect had entered 2111 Cocoa Lane less than five minutes before they reached it. They acted reasonably when they entered the house and began to search for a man of the description they had been given and for weapons which he had used in the robbery or might use against them. The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others. Speed here was essential, and only a thorough search of the house for persons and weapons could have insured that Hayden was the only man present and that the police had control of all weapons which could be used against them or to effect an escape."

After an examination of the entire record this Court is satisfied, as was the District Court, that after the officers in question found the automobile bearing the license number given by an eyewitness, and followed the tracks from the automobile to the apartment house, they had probable cause to search for those who had parked the automobile.

They had probable cause for the search, probable cause for the arrest, and the articles in question were undoubtedly seized in connection with a legal arrest. Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327.

For the reasons given in United States v. Serio, 440 F.2d 827, and for the reasons stated above, this Court is satisfied that no error occurred and the judgment of conviction is affimed.