**Jerry Alonzo SMITH, Petitioner,**

v.

**A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71-C-51-L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

March 21, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus filled *in forma pauperis* by Jerry Alonzo Smith, a state prisoner, pursuant to 28 U.S.C. § 2241 et seq.

· Smith was convicted of robbery in the Corporation Court of the City of Lynchburg on November 9, 1970, and sentenced to a seven year term in the Virginia State Penitentiary. At trial petitioner, represented by court-appointed counsel, entered a plea of not guilty and was·tried and convicted by a jury.

In this petition, Smith seeks relief upon several grounds, to wit: (1) Counsel was ineffective for failing to offer certain instructions; (2) the victim's testimony relating to a photographic identification was improper; (3) . the court erred in permitting a co-felon to testify against petitioner; and (4) petitioner was entitled to counsel at the pre-trial identification. Petitioner has exhausted his available state court remedies as required by 28 U.S.C. § 2254 *only as to the second and fourth claims.* On his direct appeal of his conviction to the Virginia Supreme Court, petitioner

challenged only the identifications. The petition for a writ of error was denied and the conviction affirmed on June 15, 1971. On August 24, 1971 the Lynchburg Corporation Court dismissed his petition for a writ of habeas corpus in which he had presented the second and fourth claims to Virginia's highest court, the state remedies as to those claims have been exhausted. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

Discussion of the ripe issues requires the recital of such pertinent facts as are disclosed by the record. At approximately 5:30 a. m. on September 1, 1969, three young men robbed Mr. Thomas League while he was operating the Dixie Vim Service Station in Lynchburg. Shortly after the robbery, and before petitioner was arrested or in custody, Sergeant D. J. Hudson of the Lynchburg Police took four photographs, including that of petitioner, to League and asked him to identify if possible any of the robbers. At trial League testified that he did identify petitioner from the photographs. Sergeant Hudson, however, testified that he did not in fact identify petitioner but instead designated another man. League did not see petitioner until the preliminary hearing in September 1970, about a year after the robbery. There, and at the trial, he clearly identified petitioner as one of the three robbers. Thomas Anderson, one of petitioner's co-felons, testified at petitioner's trial that petitioner was with him when League was robbed, but he could not remember whether petitioner committed any overt criminal act.

■ Petitioner claims that League's in-court identification should have been excluded as the product of the photograph identification at which he was not represented by counsel. Petitioner argues that the rule announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), which requires the presence of counsel at a lineup, should be extended to photographic identification confrontations. The majority of the Circuits,[1] including the Fourth, which have considered the issue have resolved against the claim of this petitioner. United States v. Collins, 416 F.2d 696 (4th Cir. 1969) cert. den. 396 U.S. 1025, 90 S.Ct. 601, 24 L.Ed.2d 519 (1970); United States v. Marson, 408 F.2d 644 (4th Cir. 1968) cert. den. 393 U.S. 1056, 89 S.Ct. 695, 21 L.Ed.2d 698 (1969). See also United States v. Mojica, 442 F.2d 920 (2nd Cir. 1971); United States v. Serio, 440 F.2d 827 (6th Cir. 1971); United States v. Fowler, 439 F.2d 133 (9th Cir. 1971); but see United States v. Zeiler, 427 F.2d 1305 (3rd Cir. 1970). The photographic identification confrontations challenged in these cases occurred after arrests had been made, and in some cases after indictment. Since the photographs here were shown to League prior to petitioner's arrest, the court is compelled *a fortiori* to rule against petitioner. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ Nor is there any indication that the photographic identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification". Simmons v. United States, *supra*. The photographs were shown to League only once, almost a year before he actually saw petitioner. Smith moreover does not allege that the composition, as opposed to the tendering, of the photographs was unfair. There is no evidence that the exhibition of the photographs, or any concomitant act by the police, cued League to inculpate petitioner. The very thought is indeed dispelled by Hudson's assertion that League designated another man as the felon. Finally, any lingering doubts as to misidentification were substantially lessened by exposure to the jury of the photographic identification procedure. *Id.*

■ Petitioner also claims that League falsely testified that he had

---

1. The issue is the same whether it arises in a federal or in a state proceeding.

**238**

identified petitioner by his photograph when in fact he had not. Challenges to a witness' credibility are not proper questions to raise in a federal habeas corpus proceeding. Smith v. Peyton, 280 F.Supp. 669 (W.D.Va.1969). The court declines petitioner's invitation to find that League committed perjury.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied. If petitioner is so advised, he may refile in this court the claims not adjudicated here after he has properly exhausted his remedies in the state courts.