**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene Owen MITCHELL, Defendant-
Appellant.**

**No. 71-1879.**

United States Court of Appeals,
Sixth Circuit.

April 5, 1972.

Jerome A. Moore, Detroit, Mich. (Court appointed), for defendant-appellant.

Frederick S. Van Tiem, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and WILSON,* District Judge.

WILSON, District Judge.

This is an appeal from a conviction for bank robbery accomplished by means of an assault. The record reflects that the Warren Prairie Branch of the Bank of Commonwealth in Detroit, Michigan, was robbed of some $8,632.00 on March 12, 1971. There is evidence in the record from which the jury could have found the following to be the facts of

---

* The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

the robbery. An armed male bandit dressed as a woman committed the robbery. In the course of the robbery the bandit fired upon a bank employee but missed. He then departed with the proceeds of the robbery, taking the bank manager with him as a hostage. A short distance from the bank he abandoned his hostage and ran. An alert customer approaching the bank in his automobile observed the bandit leaving the bank with the hostage and attempted to follow him. Although he momentarily lost sight of the fleeing bandit, the witness shortly thereafter observed a person whom he believed to be the bandit in a Ford pickup truck parked near where he had shortly before seen the fleeing bandit. He observed the person in the truck was wearing earrings, was placing something in a bag, and that the truck bore a Michigan license that appeared to be #6B47 CG. The witness promptly reported these matters to the police. They concluded that the letter "B" as reported in the license number was likely the numeral three or eight since only numerals appear on Michigan licenses in that digit. The police shortly ascertained that a 1966 Ford pickup fitting the description given by the witness and bearing license #6847 CG was registered in the name of the defendant. Within two hours of the robbery they had located the vehicle parked at the defendant's residence. After a short surveillance the police entered the residence and arrested the defendant, the arrest being made without a warrant. At the time of his arrest the defendant was in the process of packing a suitcase. A search of the defendant at the time of his arrest revealed that he had on his person money which was later identified as proceeds from the robbery. After obtaining a search warrant, a search of the defendant's residence was made and the bulk of the proceeds of the robbery, together with a wig and items of women's clothing, were located. These items were later identified as those worn in the robbery.

The defendant asserts the following grounds as a basis for the reversal of his conviction: (1) that his arrest without a warrant was made without probable cause and the search incident thereto was accordingly invalid; (2) that the affidavit upon which the search warrant was issued was both incorrect and insufficient and that the warrant was improperly executed, thereby rendering the search incident thereto illegal; (3) that prejudicial testimony was injected into the trial by a government witness; and (4) that the sentence imposed was in excess of the maximum allowed by statute.

An extensive evidentiary hearing was held by the trial court with regard to both the search made incident to the arrest and the search made upon the search warrant. In a carefully reasoned opinion the trial court concluded that each search was valid. We concur.

■ As to the search made incident to the arrest of the defendant, the issue is simply whether under the circumstances of this case probable cause existed to permit an arrest without a warrant. The facts known to the officers at the time of the arrest of the defendant included the fact that a bank robbery had been committed earlier the same afternoon by a male bandit dressed as a woman, the observations of the witness who followed the bandit as he fled the bank and as summarized above, and the observations of the officers made upon discovering the defendant's vehicle parked at this residence. When the record is considered as a whole, it would appear that a rational line of reasonably trustworthy information led from the robbery to the defendant's home and pointed to the defendant as the probable culprit. The facts known to the officers at the time of arrest were sufficient to cause a reasonable and prudent man to believe it probable the defendant had committed the offense. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958). As stated by this Court in the case of United States v. Rose, 440 F.2d 832 (C.A.6,

1971), where quite analogous facts were presented, "The exigencies of the situation made that course (*i. e.*, the entry and arrest without a warrant) imperative."

With the validity of the seizure from the person of the defendant of money identifiable as a portion of the proceeds from the bank robbery having been established, much if not all of the ground is cut from the defendant's attack upon the search warrant subsequently issued. Had the affidavit stated only that shortly after the robbery the defendant was found to have proceeds from the robbery in his possession, it would have been sufficient to justify issuance of the search warrant. The remaining portions of the defendant's attack upon the search warrant are directed toward an alleged factual error in the affidavit in reporting information regarding the license number upon the getaway vehicle and toward the general insufficiency of the affidavit to establish probable cause for issuance of the warrant. The trial court dealt carefully with these matters and concluded that an inaccurate recital of one digit in the license was neither willful nor negligent error upon the part of the affiant and did not affect the validity of the warrant. This Court is satisfied that no error was made in reaching this conclusion. See Wangrow v. United States, 399 F.2d 106 at 115 (C.A.8, 1968), cert. den. 393 U.S. 933, 89 S.Ct. 292, 21 L. Ed.2d 270, wherein the Court held that a search warrant was not rendered invalid by reason of inaccurate reporting of an automobile license number.

There remains to consider the defendant's contentions regarding prejudicial testimony and the imposition of a sentence in excess of the statutory maximum. The testimony cited as being prejudicial was given by an F.B.I. agent in the course of his cross examination by the defendant's counsel. The cross examination was directed toward the ex-

tent of the investigation made by the agent, and in particular why the agent had not sought to interview neighbors of the defendant as to whether they had seen persons coming and going from the defendant's house. The witness responded that he had not made such an investigation because, from the information he already had, he believed he had the proper person and that, "We interviewed him in the house and he gave no explanation of how he had come in possession of this evidence." The trial court offered to instruct the jury to disregard the witness's answer, but the defendant declined the instruction on the ground that it might emphasize the testimony. In view of the circumstances surrounding the giving of the testimony, including the fact that the line of inquiry on cross examination could reasonably be interpreted as calling upon the witness to explain the reasons for his not having interviewed neighbors, and including the request of defendant's counsel that the trial judge not give instructions to the jury to disregard the testimony, the Court is of the opinion that the testimony was not sufficiently prejudicial as to require a new trial. Moreover, the evidence of guilt in this case would appear to be so overwhelming as to render any error in regard to the complained of testimony harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Finally, the appellant's contention that his sentence exceeds the statutory maximum is without merit. He was charged in the indictment with bank robbery accomplished by means of an assault, an offense for which the maximum penalty is a fine of $10,000.00 and 25 years imprisonment or both [18 U.S.C. § 2113(d)]. The jury returned a verdict of guilty upon this charge. There is ample evidence to support the verdict.

The judgment of the district court is therefore affirmed.