805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Vernon BROOKS, Defendant-Appellant
 No. 86-1151.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1986.
 
 Before MARTIN, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ricky Vernon Brooks appeals the jury's determination of his being a felon in possession of a firearm in violation of 18 U.S.C.App. Sec. 1202(a)(1). Brooks raises two issues on appeal: 1) the district court abused its discretion by allowing the government to reopen the proof in order to call a rebuttal witness, and 2) the district court erred by declining to give the jury an instruction defining "constructive possession" as requested by Brooks. We find neither of these claims has merit.
 
 
 2
 At Brooks's trial, after both sides had rested, the government asked the court to reopen the proceedings in order to present an additional rebuttal witness, Michael Taylor. The court granted the request over Brooks's objection. Brooks then asked for a recess in order to locate two witnesses who were prepared to rebut Taylor's anticipated testimony. The witnesses had been present during the trial but were released by defense counsel prior to the government's request to reopen. One was found and testified but the second witness was apparently never located and did not testify. The defense witness testified that Taylor told her he lied to the police and others; Taylor also testified that he had lied.
 
 
 3
 Brooks argues that it was reversible error for the trial court to reopen the trial. We, however, in considering similar situations, have stated that "the conduct of a criminal trial is a matter within the discretion of the court and such discretion will not be disturbed in the absence of a clear showing of abuse." United States v. Serio, 440 F.2d 827, 831 (6th Cir.), cert. denied, 404 U.S. 838 (1971) (quoting United States v. Wade, 364 F.2d 931, 936 (6th Cir.1966)). In exercising his discretion, the trial judge is to consider the party's explanation for failing to present the evidence earlier, the admissibility and relevance of the evidence, and the degree to which the opposing party will be prejudiced by reopening. United States v. Blankenship, 775 F.2d 735, 741 (6th Cir.1985). The United States supported its need to reopen by explaining it was surprised when Taylor's credibility was put in issue during the cross-examination of the government's own rebuttal witness. The government stated that it hesitated in calling Taylor earlier because of his fear of being identified as an informer while currently serving a prison term. Once evidence of his having lied to the police was introduced, the government reconsidered its position and asked the court to allow additional testimony.
 
 
 4
 We believe that Brooks has failed to show he suffered prejudice sufficient to establish an abuse of discretion. Even though all parties had rested at the time of the reopening, Brooks had "an opportunity to respond and attempt to rebut the evidence after reopening." Id. In this case, Brooks's need to rebut Taylor's testimony was offset by the fact that Taylor himself admitted to having made false statements to the police and others. The court allowed the defense witness's testimony, even though it supported Taylor's testimony; the testimony of the missing witness would have also been merely cumulative. We find the trial judge did not abuse his discretion.
 
 
 5
 Brooks further claims the district court erred by declining to instruct the jury regarding the definition of "constructive possession." In order to be found guilty of possession of a firearm under the statute, a felon must have either actual or constructive possession. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866, reh'g denied, 414 U.S. 1086 (1973). In this case, it was unnecessary to instruct the jury regarding the definition of constructive possession because the prosecution presented sufficient evidence to show that Brooks had actual possession. As a matter of fact, at the time of his arrest he was sitting in the back seat of an automobile where the pistol was found. Consequently, Brooks's claim of error is without merit.
 
 
 6
 The judgment of the district court is affirmed.