**James H. KING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19689.**

United States Court of Appeals District of Columbia Circuit.

Argued March 24, 1966.

Decided June 14, 1966.

Mr. Eugene Ebert, Washington, D. C. (appointed by this court) for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. John C. Conliff, Jr., U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before EDGERTON, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

EDGERTON, Senior Circuit Judge:

This appeal is from a conviction for assault. The defendant's counsel had asked the trial judge to put this question to prospective jurors on *voir dire:* " 'Would any member of the jury be prejudiced by the fact that the complaining witness is white and the defendants are Negro?' " The judge replied: "I shall never ask that question. We do not draw any color line in this courtroom. Now if you are going to start drawing the color line, before we swear the jury—of course once jeopardy commences I cannot do anything about it—but I am going to continue the case and have other counsel appointed if you gentlemen intend to make a color issue here. You know, I believe in equal rights but I do not believe in preferential rights." Thus admonished, counsel said "All right, Your Honor, if you object to that question, we withdraw it."

 Counsel could not be expected to stand on his request despite the judge's attitude. Moreover, the judge's refusal to put counsel's question to the jurors was plain error affecting substantial rights. Such errors may be noticed although they were not brought to the attention of the court. Rule 52(b), F.R. Crim.P.

This court sustained, in 1931, the District Court's refusal to allow counsel "to inquire of the prospective jurors on their voir dire whether they entertained racial prejudice in a case wherein the defendant is a negro and the deceased a white man." Aldridge v. United States, 60 App.D.C. 45, 46, 47 F.2d 407, 408. The Supreme Court, on the contrary, held that "the ruling of the trial court on the *voir dire* was erroneous and the judgment of conviction must for this reason be reversed." Aldridge v. United States, 283 U.S. 308, 315, 51 S.Ct. 470, 473, 75 L.Ed. 1054 (1931).

The Supreme Court pointed out that "The practice of permitting questions as to racial prejudice is not confined to any section of the country, and this fact attests the widespread sentiment that fair-

ness demands that such inquiries be allowed." 283 U.S. at p. 313, 51 S.Ct. at p. 472. The Court cited cases from southern states and from New York. It said: "We do not overlook the reference of the Court of Appeals, in support of the ruling of the trial court, to conditions in the District of Columbia 'where the colored race is accorded all the privileges and rights under the law, that are afforded the white race, and especially the right to practice in the courts, serve on the jury, etc.' But the question is not as to the civil privileges of the negro, or as to the dominant sentiment of the community and the general absence of any disqualifying prejudice, but as to the bias of the particular jurors who are to try the accused. If in fact, sharing the general sentiment, they were found to be impartial, no harm would be done in permitting the question; but if any one of them was shown to entertain a prejudice which would preclude his rendering a fair verdict, a gross injustice would be perpetrated in allowing him to sit." 283 U.S. at p. 314, 51 S.Ct. at p. 473. See also Swain v. State of Alabama, 380 U.S. 202, 221, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

 This principle is not limited to capital crimes or even to crimes of violence. In reversing a conviction for making false statements, the Court of Appeals for the First Circuit said: "we are bound by the broad rule set forth in Aldridge v. United States, 1931, 283 U.S. 308 * * *. [51 S.Ct. 470, 75 L.Ed. 1054.]" Frasier v. United States, 267 F. 2d 62, 66 (1st Cir. 1959).

Accordingly the judgment must be reversed.

Another point calls for comment. Appellant was indicted for robbery. The jury was charged that they could find him "guilty of robbery as charged; or guilty of simple assault, which is a lesser offense; or not guilty." When asked for the jury's verdict, the foreman announced: "King not guilty of robbery." When the deputy clerk forthwith repeated the verdict he stated, simply: "Not guilty." The court then dismissed the

jury, and they left the courtroom. In a bench conference that followed the prosecutor raised the possibility that the verdict of "not guilty of robbery" was an incomplete one. The court indicated that it had relied on the clerk's statement of the verdict as "not guilty" and was surprised to learn what the foreman had actually said. The jury was then called back into the courtroom, and the foreman was asked to repeat the verdict. The following ensued:

> THE FOREMAN: The verdict on robbery on King, not guilty of robbery. * * *

> THE COURT: Well, the difficulty is that the Court submitted to you an alternative, namely, that you had a right to find—well, the Court told you that you had a right to find any one of three verdicts: Either guilty of robbery, or guilty of simple assault, or not guilty.

> Now, your verdict isn't just not guilty, it is not guilty of robbery. What about the simple assault?

> THE FOREMAN: But guilty of the simple assault, Your Honor.

In view of the likelihood that appellant will not be retried for assault,[1] we find it unnecessary to decide whether this procedure would in itself require reversal of this case. Compare Melton v. Commonwealth, 132 Va. 703, 111 S.E. 291 (1922). We think it proper to observe that such problems can be avoided, and clarity in jury deliberation and decision promoted, by the use of written forms of verdict. We have noted from transcripts that written verdicts are used by some of the district judges in this district. The form may readily be prepared in advance by the judge, perhaps with the assistance of counsel, under a procedure similar to that followed with respect to jury instructions.

Reversed.

---

[1]. Appellant was given a suspended sentence and placed on probation for one year on May 24, 1965. In the unlikely event of a new trial appellant would be free to reargue this point as a basis for a contention of double jeopardy—a contention on which we express no opinion.