Aubrey WILSON, Defendant Below,
Appellant,

v.

The STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

March 9, 1970.

Sheldon N. Sandler, Wilmington, for appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This case presents constitutional questions rising out of the conviction of defendant for possession of a Molotov cocktail* in violation of 11 Del.C. § 360. The statute involved reads:

"§ 360. *Molotov cocktails or other explosive devices prohibited*

"(a) Whoever manufactures, transfers, uses, possesses or transports any Molotov Cocktail or any other device, instrument or object designed to explode or produce uncontained combustion with intent to cause bodily or physical harm shall be guilty of a felony and shall be imprisoned for not less than 3 years nor more than 10 years.

"(b) Any person over 16 years old who violates the provisions of this section shall be prosecuted as an adult.

"(c) In any prosecution under this section, it is prima facie evidence of intent to cause bodily or physical harm if the accused had possession of the device prescribed by this section in a public place."

Defendant raises three grounds for appeal:

Whether 11 Del.C. § 360, (1) is so vague and indefinite as to violate due process of law; (2) raises a presumption in subparagraph (c) which deprives defendant of due process of law and violates his privilege against self-incrimination; (3) violates Art. 2, Del.Const., § 16, Del.C.Ann. by including in the body of the statute subjects not expressed in the title.

Before considering these contentions, we must observe that defendant has stated his grounds in terms too sweepingly broad. The constitutionality of a statute is considered in the light of the standing of the party who seeks to raise the question and of its particular application. It is an established principle of law that one may not urge the unconstitutionality of a statute if he is not harmfully affected by the particular feature of the statute alleged to be in conflict with the Constitution. Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586.

With this fundamental in mind, we consider defendant's claims.

Defendant asserts that the phrase "any device, instrument, or object designed to explode or produce uncontained combustion" is too vague to inform defendant what type of devices are prohibited by the statute. It is clear that this defendant lacks standing to attack this portion of the Act. He was charged with possession of a Molotov cocktail, and there is no vagueness as to that term which has dictionary meaning.

The test which must be applied to defendant's contention concerning the presumption created by subparagraph (c) of § 360 has recently been spelled out by the United States Supreme Court. In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57, it was held:

"* * * a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact

---

* The American Heritage Dictionary (1969 Ed.) defines "Molotov cocktail" as: "A makeshift incendiary bomb made of a breakable container filled with flammable liquid and provided with a rag wick."

is more likely than not to flow from the proved fact on which it is made to depend. And in the judicial assessment the congressional determination favoring the particular presumption must, of course, weigh heavily."

How does § 360 fare when this standard is applied to the facts of this case?

■ The presumption, quoted above, authorizes the jury to infer from defendant's possession of a Molotov cocktail in a public place the necessary element of "intent to cause bodily or physical harm." We think it is important that a Molotov cocktail, as was discussed previously, is defined as an "incendiary bomb". We hold that it can be said with "substantial assurance" that a person who possesses such a device in a public place, "more likely than not", has the intent to cause bodily or physical harm.

Finally, we consider defendant's claim that 11 Del.C. § 360 violates Art. 2, Del. Const., § 16 by including material in subparagraphs (b) and (c) which are not expressed in the title. The provision of Art. 2, Del.Const., § 16 here invoked is, in pertinent part:

"No bill * * * shall embrace more than one subject which shall be expressed in its title."

■ This court has often held that the title of an act need not be an index of the details of the bill. It is sufficient if the title is so framed as to apprise a reasonable person, interested in the subject matter of the legislation, sufficiently to lead him to an inquiry into the body of the bill. State ex rel. Craven v. Schorr, Del.Supr. 11 Terry 193, 131 A.2d 158, 162 (1957).

■ The presumption raised by subparagraph (c) relates to elements of the offense stated in the title of the act. Thus, it is clearly permissible under our interpretation of Art. 2, Del.Const., § 16.

The defendant here lacks standing to attack any possible title deficiency as to juveniles in subparagraph (b), because at the time of trial he was over 18 years of age and thus not affected by that provision.

We affirm the judgment of conviction.

## UPON MOTION FOR REARGUMENT

Defendant, on motion for reargument, urges his standing to attack the constitutionality of 11 Del.C. § 360(b). Defendant states that while he was over 18 years of age at the time of his trial, he was only 17 at the time he was charged, and therefore, except for subparagraph (b), he would have been tried in Family Court.

Though the facts regarding his age which he now presents should have been brought forward long before this stage, nevertheless, we will assume *arguendo* both that these facts are true and that defendant has standing to attack the constitutionality of subparagraph (b). See State v. Fowler, 6 Storey 519, 194 A.2d 558 (Del.Super.Ct. 1963).

■ It is unnecessary to reiterate what we have said above regarding the scope of Art. 2, Del.Const., § 16. Suffice it to say that, in our view, the title of the bill was adequate notice to all persons interested or concerned with Molotov cocktails to make inquiry into the bill to discover if they were affected, including the identity of the court in which they could be prosecuted. State ex rel. Craven v. Schorr, Del.Supr. 11 Terry 193, 131 A.2d 158 (1957).

The motion for reargument is denied.