**James SAUNDERS, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

March 8, 1971.

Henry A. Wise, Jr., Wilmington, for appellant.

Francis A. Reardon, State Prosecutor, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant, James Saunders, was convicted of possession of a Molotov Cocktail, in violation of Title 11, Del.C. § 360. He seeks a reversal of that conviction, relying upon three allegations of error: (1) the Act creating and defining this crime is unconstitutional; (2) the evidence did not justify the jury's determination that the items of which he was in possession consti-

tuted a Molotov Cocktail; and (3) the evidence against him was insufficient to establish guilt beyond a reasonable doubt.

The statute reads as follows:

"(a) Whoever manufactures, transfers, uses, possesses or transports any Molotov Cocktail or any other device, instrument or object designed to explode or produce uncontained combustion with intent to cause bodily or physical harm shall be guilty of a felony and shall be imprisoned for not less than 3 years nor more than 10 years.

\*　\*　\*　\*　\*　\*

"(c) In any prosecution under this section, it is prima facie evidence of intent to cause bodily or physical harm if the accused had possession of the device prescribed by this section in a public place."

Evidence was presented at the trial that the appellant was seen to cross a street with a bottle in his hand, proceed into a vacant lot where he bent down for several seconds, then left the lot. This lot adjoined another which was filled with automobiles owned by a used car dealer; the spot where appellant left the bottle was about four feet away from a row of those cars. An officer promptly went to the spot and found a soft drink bottle containing about 2½ inches of a yellow liquid, with some paper stuffed into the neck. There was a burnt match stuck to the cellophane in which the bottle was wrapped. The officers went to appellant's home and found a gallon can of liquid floor finish, which appeared to be the same material as that in the bottle. The liquid was a similar to gasoline or paint thinner. There was expert testimony that the contents of the bottle were highly inflammable and that they would produce uncontrollable combustion if lighted.

■ We may quickly dispose of appellant's constitutional arguments because they were answered in Wilson v. State, Del.Supr., 264 A.2d 510 (1970), decided after the trial of this case. This appellant was charged with possession of a Molotov Cocktail and has no standing to question that part of the Act which prohibits possession of "any other device, instrument or object designed to explode or produce uncontained combustion."

■ The *Wilson* opinion, *supra*, also answers appellant's attack upon that section of the statute which makes possession of a Molotov Cocktail in a public place *prima facie* evidence of intent to cause bodily or physical harm; it is "more likely than not" that such possessor has the intent to harm persons or property. As the trial Judge correctly held, "bodily or physical harm" includes damage to property.

Assuming that the device was a Molotov Cocktail, there was ample evidence to justify the conviction. We accordingly pass on to appellant's contention that the object which was admittedly in his possession was not in fact a Molotov Cocktail. As justification for this view, he quotes a definition of a Molotov Cocktail taken from Webster's Seventh New Collegiate Dictionary, which reads as follows:

"a crude hand grenade made of a bottle filled with a flammable liquid (as gasoline) and fitted with a wick or saturated rag taped to the bottom and ignited at the moment of hurling."

■ Appellant makes no point of the fact that this bottle was not completely filled. His contention is that it was not fitted with a wick or saturated rag "taped to the bottom." It is our view that this taping of the wick is not a necessary part of a Molotov Cocktail. We have reviewed the definitions contained in a number of dictionaries, and have found no other which includes any language about taping the wick to the bottom. In a footnote to the *Wilson* opinion, *supra*, at page 511, we quoted a definition taken from the American Heritage Dictionary (1969 Ed.) as follows:

"A makeshift incendiary bomb made of a breakable container filled with

flammable liquid and provided with a rag wick."

Upon reflection, we think that this definition is subject to one criticism in that it seems to require that the wick be a rag. "Wick" is obviously used here in a non-technical or loose sense; its purpose is to bring the flame into delayed contact with the flammable substance. The definition should therefore include any material capable of serving this function. We would accordingly alter the above-quoted definition to read as follows:

"A makeshift incendiary bomb made of a breakable container filled with flammable liquid and provided with a wick composed of any substance capable of bringing a flame into contact with the liquid."

As we have indicated, the appellant was not charged under the "other device" part of the statute. He was charged with possession of a Molotov Cocktail. The indictment reads:

"JAMES L. SAUNDERS on or about the 21st day of July, 1968, in the County of New Castle, did then and there feloniously possess a molotov cocktail, which is a device or instrument designed to explode and produce uncontrolled combustion with intent * * *."

■ Under the evidence, we think it was for the jury to determine whether the device in this case was in fact a Molotov Cocktail. It was important, therefore, for the jury to know the true definition of a Molotov Cocktail; yet at no time was that term clearly defined for them. The jurors were aware of the language of the indictment that appellant had possession of a "molotov cocktail, which is a device or instrument designed to explode and produce uncontrolled combustion." Without further explanation or definition, that language could have been understood by them to mean that any device or instrument which is designed to explode and produce uncontrolled combustion is a Molotov

Cocktail. This is untrue, of course, and their verdict could accordingly have been the result of a misconception.

We think this oversight is of sufficient importance to require a new trial of the case, in which the term can be properly explained to the jury. That explanation should follow the definition we have herein suggested.

The judgment below must be set aside and the case remanded for new trial.