**Charles MATTHEWS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 30, 1971.

Bernard Balick, Asst. Public Defender, Wilmington, for defendant below, appellant.

John P. Daley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from a judgment of conviction for possession of a Molotov cocktail in violation of 11 Del.C. § 360.[1] The determinative question is whether there was reversible error in the Trial Court's refusal to put the following questions to the prospective jurors, prior to trial, on voir dire examination:

1) Do you have any antagonism against black persons?

2) Would you be able to accept the word of a black young man over that of a white young man?

[1]. 11 Del.C. § 360 provides in pertinent part:

"§ 360. Molotov cocktails or other explosive devices prohibited

"(a) Whoever manufactures, transfers, uses, possesses or transports any Molotov Cocktail or any other device, instrument or object designed to explode or produce uncontained combustion with intent to cause bodily or physical harm shall be guilty of a felony * * *.

* * * * *

"(c) In any prosecution under this section, it is prima facie evidence of intent to cause bodily or physical harm if the accused had possession of the device prescribed by this section in a public place."

The defendant is a young black man and the principal prosecuting witness is a young white man. The Trial Court permitted no questions to the jury panel, on the voir dire, as to racial prejudice or bias. It is the defendant's position that the requested questions were essential to a fair trial by an impartial jury, in view of the racial overtones of the case and the demonstrable racial bias and prejudice of the State's principal witness.

The purpose of the voir dire questioning of prospective jurors is to determine whether the prospective jurors can render an impartial verdict upon the evidence and the law. Parson v. State, Del.Supr., 275 A.2d 777 (1971). It is generally held that such purpose is prejudicially impaired when a black defendant is prohibited from having questions propounded to the prospective jurors, on voir dire, designed to elicit any feeling of racial bias and prejudice.

In the leading case of Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 473, 75 L.Ed. 1054 (1931), it was held that the trial court committed reversible error in refusing to allow the defendant's request to inquire of the prospective jurors, on their voir dire, whether they entertained racial prejudice in a case wherein the defendant was black and the complaining witness was white. In Frasier v. United States (1 Cir., 1959) 267 F.2d 62, it was held to be reversible error in the prosecution of a black defendant to refuse his request for examination of prospective jurors as to whether they would have any prejudice against the defendant because he was a Negro. In King v. United States (1966) 124 U.S.App.D.C. 138, 362 F.2d 968, it was held to be a reversible abuse of discretion of the trial court to refuse to inquire of prospective jurors, in a case against a black defendant, whether they were biased against Negroes. In State v. Higgs, 143 Conn. 138, 120 A.2d 152 (1956), it was held to be an abuse of discretion, fatal to the conviction of a black defendant, to deny questions to the prospective jurors designed to uncover racial prejudice to the extent that it would take less evidence to convince the jurors that a Negro committed the crime charged. See also Brown v. State, 220 Md. 29, 150 A.2d 895 (1959).

■ In the instant case, we hold that the Trial Court's refusal to put the requested questions to test the members of the jury panel for racial bias and prejudice was an abuse of discretion and reversible error. If all members of the panel were found to be impartial, no harm would have been done by permitting the questions; but if any one of them might have been shown by the questions to entertain a bias or prejudice which would preclude his rendering a fair verdict, a gross injustice was perpetrated in allowing him to sit in the trial of the accused.

Accordingly, the conviction must be set aside and the cause remanded for new trial.

For the guidance of the Trial Court upon the new trial:

■ The defendant contends that the Molotov Cocktail Statute, 11 Del.C. § 360, is not applicable in this case because it prohibits the possession of the device "with intent to cause bodily or physical harm" and does not prohibit intent to do property damage;[2] that since the defendant is charged wtih throwing the device at a store after it was closed and empty of people, there could have been no "intent to cause bodily or physical harm" in violation of the Statute. We agree with the Superior Court's denial of the defendant's motion to dismiss on this ground for two reasons: first, because the store, although empty of people, was part of an occupied residential building; and secondly, because § 360 provides that in any prosecution thereunder, possession of the device "is prima facie evidence of intent to cause bodily or physical harm."

2. The attention of the General Assembly is invited to the question thus raised regarding the scope and purpose of the Molotov Cocktail Statute.

The defendant also contends that it was error to admit expert opinion testimony by a police officer as to the nature of a Molotov cocktail. We agree. This Court has recently defined a Molotov cocktail in plain language. Wilson v. State, Del.Supr., 264 A.2d 510 (1970); Saunders v. State, Del.Supr., 275 A.2d 564 (1971). It is for the jury to decide, under appropriate instructions upon that definition, whether the State has proved the device to be one proscribed by the Statute. Expert opinion testimony is not admissible on the very question to be decided by the jury when, as here, the facts and the definition are of such nature that ordinary men and women can understand them and draw the correct inferences therefrom. Robelen Piano Co. v. DiFonzo, Del.Supr., 3 Storey 346, 53 Del. 346, 169 A.2d 240 (1961).

Reversed and remanded.