**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul CARTER, a/k/a Levi Washington,
Defendant-Appellant.**

**No. 20614.**

United States Court of Appeals,
Sixth Circuit.

April 16, 1971.

Joel M. Shere, Detroit, Mich., court appointed, and on brief for appellant.

Terence V. Page, Detroit, Mich., for appellee; Ralph B. Guy, Jr., U. S. Atty., by Terence V. Page, J. Kenneth Lowrie, Asst. U. S. Attys., Detroit, Mich., on brief.

Before PECK, BROOKS and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from a conviction for bank robbery. Title 18 U.S.C. § 2113 (d). Appellant, a negro, was found guilty after a jury trial. He presents two issues to this Court, one of which is stated as follows:

"WERE THE ITEMS ADMITTED INTO EVIDENCE AGAINST APPELLANT SEIZED INCIDENT TO A LAWFUL ARREST?

a) Was there probable cause to arrest appellant?

b) Assuming, *arguendo*, that there was probable cause, was it incumbent upon the police, under the circumstances, to obtain a search warrant to justify their intrusion into appellant's living quarters to effect his arrest?"

This issue has been discussed and disposed of in a related case, United States v. Rose, 440 F.2d 832, in which the conviction of the appellant's co-defendant, who was arrested at the same time and place, was before this Court. The decision of the Court was adverse to the claim of this appellant.

The other issue presented by this appellant, which is framed as follows, raises a more troublesome problem:

"DID THE TRIAL JUDGE COMMIT REVERSIBLE ERROR BY REFUSING TO PERMIT APPELLANT'S COUNSEL TO INQUIRE ON VOIR DIRE EXAMINATION WHETHER ANY OF THE PROSPECTIVE JURORS WERE PREJUDICED AGAINST BLACK PEOPLE?"

During the course of the impaneling of the jury the following exchange took place between the Court and appellant's counsel:

"MR. STOORMAN: I have one other question, Your Honor. The defendant is black, and I would like to know whether any of these jurors are prejudiced against black people.

THE COURT: Mr. Stoorman, that question comes often in the court, and it's the attitude of the Court, the opinion of the Court, that all the jurors have taken an oath here to render a fair and impartial decision, and it's the opinion of the Court that this would include justice for all people, and I don't think it's a fair question.

MR. STOORMAN: All right. Then I have no further questions."

No further inquiry into the question of the existence or nonexistence of racial prejudice on the part of the members of the jury was made. A stipulation on file, signed by an Assistant United States Attorney from the office having charge of the prosecution of the appellant, reads in part as follows:

"I stipulate that at least 10 of the 12 trial jurors were white in the above-mentioned matter."

This Court recognizes that there is a need in the Trial Courts to avoid excessive delays in impaneling a jury which may make it necessary to limit the scope

of the questions submitted to the prospective jurors during the voir dire examination as to their qualifications to sit. There may at times appear to be a conflict between the need to avoid excessive delay and the desire to protect the rights of the accused by assuring him a fair trial by an impartial jury, when counsel for a defendant deems that the only way to assure such fair trial is by extensive and at times what may appear to be interminable questioning of the jury panel. Under Rule 24(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. there is granted to the Trial Judge a broad discretion in the balancing of these interests.

The leading case on the subject of voir dire examination of prospective jurors in regard to the possibility of racial prejudice is Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931). In that case defendant's counsel requested the Trial Court to question prospective jurors as to the possibility of racial prejudice. The Trial Judge refused to submit such questions and termed such inquiry improper. The defendant's conviction was affirmed by the Court of Appeals; but the Supreme Court of the United States reversed. In discussing the decision of the Trial Judge in regard to the voir dire examination of prospective jurors, Mr. Chief Justice Hughes, speaking for the Court in reversing the conviction, stated at page 310, 51 S.Ct. at page 471:

"* * * and the court had a broad discretion as to the questions to be asked. The exercise of this discretion, and the restriction upon inquiries at the request of counsel, were subject to the essential demands of fairness."

and said further at page 313, 51 S.Ct. at page 472:

"The practice of permitting questions as to racial prejudice is not confined to any section of the country, and this fact attests the widespread sentiment that fairness demands that such inquiries be allowed."

In disposing of the case Mr. Chief Justice Hughes concluded as follows at page 314, 315, 51 S.Ct. at page 473:

"The argument is advanced on behalf of the government that it would be detrimental to the administration of the law in the courts of the United States to allow questions to jurors as to racial or religious prejudices. We think that it would be far more injurious to permit it to be thought that persons entertaining a disqualifying prejudice were allowed to serve as jurors and that inquiries designed to elicit the fact of disqualification were barred. No surer way could be devised to bring the processes of justice into disrepute.

"We are of the opinion that the ruling of the trial court on the *voir dire* was erroneous, and the judgment of conviction must for this reason be reversed."

Argument is made on behalf of the Government that nothing in the record indicates that there was any potential prejudice on the part of the prospective jurors in the case before this Court, and that the failure to make the inquiry requested, as to potential racial prejudice, was harmless error within the meaning of Rule 52(a) Federal Rules of Criminal Procedure, 18 U.S.C.A. The same argument was advanced in Frasier v. United States, 267 F.2d 62, at page 66 (1st Cir. 1959), and was answered by that Court of Appeals.

"Although we are mindful of the wide discretion given the district court in the examination of jurors under Fed.R.Crim.P. 24(a), 18 U.S.C., and have considered the Government's arguments that this case does not involve a crime of violence such as is likely to arouse racial prejudice, we are bound by the broad rule set forth in Aldridge v. United States [citations]."

While we recognize that general questions may tend to elicit from jurors' answers indicating racial prejudice this Court is forced to the conclusion that anything but a direct inquiry as to the

presence of racial prejudice will fail to satisfy the essential demands of fairness necessary to ascertain whether or not a juror has a conscious or unconscious prejudice against a defendant because of his race or color.

We are in accord with the Court of Appeals for the District of Columbia, King v. United States, 124 U.S.App.D.C. 138, 362 F.2d 968, 969 (1966):

> "Counsel could not be expected to stand on his request despite the judge's attitude. Moreover, the judge's refusal to put counsel's question to the jurors was plain error affecting substantial rights."

We are satisfied that the failure of the District Court to interrogate the prospective jurors as to racial prejudice, upon request of counsel for the defendant, was error which requires reversal, despite the substantial evidence of the guilt of the accused.

Reversed and remanded for a new trial.