**UNITED STATES of America**
v.
**James LEFTWICH et al.**

Appeal of Clarence Frederick **WRIGHT**,
No. 71–1283.

Appeal of Charles **CARPENTER**,
No. 71–1284.

Nos. 71–1283, 71–1284.

United States Court of Appeals,
Third Circuit.

No. 71–1283 submitted Feb. 11, 1972.

No. 71–1284 argued Feb. 11, 1972.

Decided May 31, 1972.

Clarence F. Wright, pro se.

Harold Chipperson, East Orange, N. J., for appellant Carpenter.

James D. Fornari, Asst. U. S. Atty., Newark, N. J., for appellee.

Before MARIS and MAX ROSENN, Circuit Judges and VAN ARTSDALEN, District Judge.

## OPINION OF THE COURT

MARIS, Circuit Judge.

These are appeals from judgments of conviction entered in the District Court for the District of New Jersey pursuant to jury verdicts finding Clarence Frederick Wright and Charles Carpenter, codefendants in a bank robbery case, guilty on the two counts of an indictment charging violations of 18 U.S.C. §§ 2113(a) and (d). The defendants Wright and Carpenter were charged, jointly with James Leftwich, Lawrence Pierce, John Sloan, Edmond Louis Carter, Jr., and Seaborn Drew Howell, with robbing a federally insured savings and loan association of the sum of $5,734.00, using dangerous weapons, and putting in jeopardy the lives of certain individuals. Prior to trial, the indictment was dis-

missed as to defendant Leftwich who had died. The trial was severed as to defendant Sloan, who had entered a plea of guilty to count one of the indictment and who later testified as a Government witness. During the trial the Government informed the trial judge that it would call defendant Pierce as a witness. Pierce was thereupon severed as a defendant and, subsequently, the indictment was dismissed as to him. At the close of the Government's case the trial judge granted a motion of the defendant Carter for a judgment of acquittal. The jury returned verdicts of guilty on both counts against defendants Wright, Carpenter and Howell. The trial judge set aside the verdict against defendant Howell and entered a judgment of acquittal as to him. The defendants Wright and Carpenter were each sentenced to 15 years imprisonment and judgments were entered accordingly. From these judgments the defendants Wright and Carpenter took the appeals now before us. The two appeals were consolidated for the purpose of consideration. The appellants each raise a number of identical questions. In addition, the defendant Wright raises further questions.

We first address ourselves to the issues which have been raised by both defendants.

## I

They contend that the trial judge committed reversible error in failing on voir dire examination, to ask the prospective jurors the question: "Does the fact that the defendants are all colored prevent the jury from fairly and impartially deciding the case?" This was one of a number of written questions which the defendant Wright submitted to the trial judge. All the defendants were black and all were represented by counsel. The record discloses that the trial judge went to considerable length in examining the prospective jurors in an effort to secure an impartial jury which would decide fairly as between the Government and the defendants,[1] but he did not ask the specific question submitted by defendant Wright as above quoted. However, at the close of the voir dire examination of the twelve jurors initially selected he stated that he had substantially covered the written requests for supplementation of his interrogation. At this statement and at his question whether they were content counsel remained silent, raising no objection to the trial judge's failure to propound the question in the specific language requested. Thrice thereafter during the proceedings counsel stated that the jury was satisfactory and after alternate jurors had been drawn again stated, in response to a question from the trial judge, that the jury was "Eminently satisfactory." The jury was then sworn and instructed to appear for the trial on the following Monday morning and the remaining prospective jurors were excused. On the following Monday morning counsel for the defendants informed the trial judge that they now objected to his failure on the preceding Friday to interrogate the prospective jurors with respect to "the treatment of the defendants, be they black or white, in the same

1. "The reason why I am putting these questions or why I will put these questions is because we want to find, if possible, a completely impartial jury to try this, and, for that matter, any other case in which a jury is selected." [Tr. 25–26]

"Now we are in the course of selecting an impartial jury. We believe that that is important . . . ." [Tr. 47]

"Do you understand we are selecting a jury for the purpose of achieving complete impartiality as between the Government on the one hand and the defendants on the other?" [Tr. 59]

"Do you believe you can serve as a completely impartial juror in a case of the nature which I have disclosed?" [Tr. 67]

"You think you could decide the case fairly and without prejudice as between the Government and the defendants?" [Tr. 76]

"Do you believe that in the light of your past experience and your husband's business that you would have any difficulty in deciding such a case as between the Government and the defendants with complete impartiality?" [Tr. 77]

manner, and the fact that the jury would not, because of their color alone, find them to be telling truths or lies on that basis." The trial judge did not sustain the objection but proceeded with the trial.

■ In support of their contention that the trial judge erred in failing to make the requested inquiry of the jurors as to racial prejudice, they cite Aldridge v. United States, 1931, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054; Frasier v. United States, 1 Cir. 1959, 267 F.2d 62; King v. United States, 1966, 124 U.S. App.D.C. 138, 362 F.2d 968; United States v. Gore, 4 Cir. 1970, 435 F.2d 1110, and United States v. Carter, 6 Cir. 1971, 440 F.2d 1132. It is true that in those cases it was held reversible error to refuse to interrogate the jurors as to possible racial prejudice. But we do not think that they are applicable to the facts of this case. For here the trial judge went to pains to instruct the jurors that impartiality was required and to inquire of them whether they would be completely impartial as between the Government and the defendants and whether they "could decide the case fairly and without prejudice," and, although counsel for defendant Wright had requested the trial judge to inquire as to racial prejudice, this request was not pressed on the day the jury was empanelled but, on the contrary, as we have seen, counsel remained silent when the trial judge stated his belief that he had covered the substance of all their requests and they thereafter stated repeatedly that the jury was satisfactory and that they were content. The voir dire examination had been completed, the selected jurors sworn and the other prospective jurors excused on a Friday. It was not, as we have seen, until the following Monday that defendants raised the objection which they now press. We think that the objection came too late and that under the circumstances the trial judge's instructions to and in interrogation of the jurors on Friday, when they were being selected, adequately covered the matter of prejudice, racial or

other, as counsel after hearing the judge's statements on that day obviously believed that they did.

## II

■ The defendants contend that the district court erred in admitting evidence that three of the defendants had stolen an automobile three days before the robbery, arguing that this evidence was so prejudicial as to deny them a fair trial. It is, of course, the rule that evidence of other offenses wholly independent of the one charged is inadmissible when offered merely to show character or proclivity toward criminal conduct. But this rule is subject to the exception that such evidence is admissible when offered for another proper purpose, such as preparation for the crime charged. United States v. Persico, 2 Cir. 1970, 425 F.2d 1375, 1384, cert. den. 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108; Ignacio v. People of Territory of Guam, 9 Cir. 1969, 413 F.2d 513, 519–520, cert. den. 397 U.S. 943, 90 S.Ct. 959, 25 L.Ed.2d 124; Rule 404(b), Proposed Rules of Evidence for the United States District Courts and Magistrates. Here the evidence indicated that the automobile stolen was used by the defendants as a getaway car and was found parked close to the apartment where the defendants gathered after the robbery. We think that the trial judge did not err in admitting evidence of the automobile theft thus shown to have been committed in preparation for the commission of the crime with which the defendants are here charged.

## III

■ The defendants contend that it was error to permit a codefendant, Pierce, to testify as a witness for the Government when he had been present in the courtroom during a period of time during which an order had been in effect excluding all witnesses from the courtroom other than the witness actually testifying. There are two answers to this contention. The first is that Pierce as a defendant had a constitutional right

to be present in the courtroom during the trial so long as he was one of the defendants then on trial, as he continued to be until his case was severed which took place after the immediately preceding witness had finished his direct testimony and nearly all of his testimony on cross-examination. And the second answer is that a witness is not disqualified from testifying merely because of a violation of a sequestration order but may nonetheless be permitted to testify in the sound discretion of the court. Holder v. United States, 1893, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010. Massiah v. United States, 1964, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, upon which the defendants rely, is wholly distinguishable on its facts. There was no abuse of discretion in permitting Pierce to testify for the Government.

### IV

The defendants contend that the district court erred in denying their motion for a new trial based on after discovered evidence which, they assert, established that they were denied a fair trial by reason of perjured testimony of defendant Pierce knowingly offered by the Government. They claimed that defendant Pierce in an affidavit recanted a part of his testimony at trial and indicated that he was coerced into giving it by his counsel and counsel for the Government. The district court held three hearings on the motion, taking the testimony of Pierce, of his counsel, of Government counsel and of an FBI agent. The court found that the testimony thus adduced did not support the allegations of the motion and accordingly denied it. It is settled that such a factual determination by the district court in passing upon a motion for a new trial based upon after discovered evidence will not be set aside unless it clearly appears that the findings are wholly unsupported by the evidence. United States v. Johnson, 1946, 327 U.S. 106, 111–113, 66 S.Ct. 464, 90 L.Ed. 562. We have examined the evidence here. No useful purpose would be served by recounting it.

Suffice it to say that it amply supports the court's findings. There is no merit in this contention of the defendants.

### V

The defendants contend that they were prejudiced by improper remarks by Government counsel. They allege that Government counsel in addressing the jury usurped the functions of the trial judge in defining the law, made allegations which were not proved during the trial and gave the defendants "a criminal record by characterization and association." All this, they urge, was prejudicial within the rule of Berger v. United States, 1935, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314. We cannot agree that the remarks of Government counsel, read in their proper context, were "foul blows" within the meaning of the Berger rule. Trials are rarely, if ever, perfect and improprieties of argument by counsel to the jury do not call for a new trial unless they are so gross as probably to prejudice the defendant and the prejudice has not been neutralized by the trial judge before submission of the case to the jury. Keeble v. United States, 8 Cir. 1965, 347 F.2d 951, 956. In this regard the trial judge who heard the argument has considerable discretion in determining whether lasting prejudice to a defendant has resulted. Cline v. United States, 8 Cir. 1968, 395 F.2d 138, 141–142. Here the trial judge carefully instructed the jury that the arguments of counsel were not evidence. Under all the circumstances we are not persuaded that counsel's statements had any prejudicial effect upon the jury.

### VI

The defendants object to the trial judge's telling the jury at the close of counsels' summations late in the afternoon that he would not charge the jury "tonight for the reason that I don't like to have Jurors, particularly lady Jurors, going home in the darkness in this city." Defendants' counsel excepted to this statement as prejudicial for the reason, as they asserted, that "the obvious

implication behind that is that crime in the City of Newark . . . is generally depicted as being attributable to Negro citizens," that this was the inference conveyed to the jury and that since some of the defendants came from Newark the comment was prejudicial to them. The contention is ingenious but in our opinion wholly without merit.

### VII

 Finally the defendants join in asserting that since the trial judge granted a motion to dismiss the indictment as to defendant Carter following the Government's case in chief the jury should have found the remaining defendants not guilty since the evidence as to them was identical. Their position is buttressed, they argue, by the fact that the trial judge, after the verdict of guilty was rendered, granted defendant Howell's motion for an acquittal. The argument ignores the fact, however, that the defendants Wright and Carpenter were different individuals from Carter and Howell, and played different roles in the action involved. It was, therefore, quite possible that evidence which failed to establish the connection of Carter and Howell with the robbery did satisfy the judge and jury that Wright and Carpenter were participants. In any event, it is not for this court on appeal to weigh the evidence. The verdicts of the jury must be sustained if there is substantial evidence to support them, taking the view most favorable to the Government. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680. We are satisfied that there was substantial evidence in this case to support the verdicts against defendants Wright and Carpenter.

We turn, then, to the additional claims which defendant Wright makes on his own behalf.

### VIII

Wright asserts that the Government deliberately withheld favorable information which revealed that defendant Sloan, and not he, had stolen the getaway car. This contention is, however, wholly based upon an inadvertent misstatement by Government counsel in his opening to the jury in which, as the context clearly shows, the word "car" was erroneously used for "apartment." It has no merit.

### IX

 Wright contends that the Government knew that the owner of the stolen getaway car had positively identified defendant Sloan as one of the individuals who robbed him and took his car but suppressed this evidence to Wright's prejudice. The short answer to this contention is that as the result of defendants' counsel's objections evidence as to the men who took the car was rejected, the owner's testimony being limited solely to the fact that his automobile and registration were stolen. While prosecuting officers have an obligation to disclose material exculpatory evidence there must be some evidence to support a charge of suppression of such evidence. There was none here.

### X

Wright next contends that since, as he alleges, he was arrested without a warrant and without probable cause, the search incidental to the arrest was unlawful and the district court, therefore, erred in refusing to suppress the automobile registration found in a search of his clothes following his arrest.

At the hearing on the motion to suppress, Government counsel informed the district court that the automobile registration alone was material to the case and that all other things taken during the search would be returned to Wright. At the hearing Keogh, an agent of the FBI, testified that he, together with agents Genakos, Frank and Gerrity, went to Wright's residence on April 18, 1969, about 10:20 A.M., that a warrant for the arrest of Wright had been issued and was in the file of the FBI in Newark but the agents did not have the warrant with them; that Wright was dressed in pajamas; that he was advised that he was under arrest and was searched. Agent Gerrity testified that

Wright requested clothing before being taken to the FBI office in Newark; that he was brought upstairs to his room and the clothes taken from the closet were searched; that in the pocket of a jacket Gerrity found a New Jersey motor vehicle registration in the name of the individual whose car had been stolen and used as a getaway car in the bank robbery for which Wright was being arrested, and that as a result of the search other items were seized also. Wright's motion to suppress the automobile registration was based on the ground that no evidence was produced to support any of the facts set forth in the affidavit upon which the warrant was issued; that the affidavit was based upon a statement made by defendant Leftwich, the validity of which was attacked as procured under duress and promises of benefit. Agent Keogh testified as to his familiarity with the bank robbery here involved, that he had arrested defendants Leftwich and Pierce and thereafter Leftwich was interrogated and furnished a statement, that he was familiar with the contents of the affidavit used in support of the complaint and warrant filed in this case, and that he had knowledge of defendant Wright's involvement in the bank robbery before he went to Wright's home. After hearing the evidence, the district judge orally found that the arrest warrant which was dated April 18, 1969, was in effect at the time of the arrest and that the warrant was supported by an affidavit which established probable cause and, concluding that the arrest was lawful and that any search that was conducted was incidental to a lawful arrest, the motion to suppress the evidence obtained by the search was denied.

■ Wright says that no warrant was issued or obtained until the motion to suppress the evidence was filed. The district court, however, found that the warrant was issued on April 18th, the day of Wright's arrest and we are satisfied that the finding was correct. While it is true that the arresting agents did not have the warrant with them at the time of arrest, they were not required to have it in their possession if it was outstanding at that time. Rule 4(c) (3), F.R.Crim.P., Gill v. United States, 5 Cir. 1970, 421 F.2d 1353, 1355.

The defendant Wright challenges the sufficiency of the affidavit used in obtaining the search warrant in this case. The testimony presented at the hearing on the motion to suppress showed that the facts were based on the statements of defendant Leftwich, who implicated Wright and others, as well as himself, in the commission of the bank robbery. The district court found the information obtained by the FBI was sufficient to establish probable cause for defendant's arrest and we agree. See United States v. Ventresca, 1965, 380 U.S. 102, 107–108, 85 S.Ct. 741, 13 L.Ed.2d 684, and United States v. Harris, 1971, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723.

■ This brings us to the question whether the search conducted by the agents was reasonable. It is undisputed that Wright required street clothes in order to accompany the FBI Agents to the Newark office and that, in his presence but prior to handing it to him, the agent searched the jacket in which the New Jersey motor vehicle registration was found. The defendant Wright does not here contend that this search was unreasonable and we are clear that it was entirely reasonable. His claim is that the search of his entire house was unreasonable. However, the only evidence which was admitted against the defendant Wright was the motor vehicle registration and the search for and seizure of that is, as we have said, not claimed to be violative of his constitutional rights. All the other items seized by the agents were returned to the defendant and whether they were or were not lawfully seized was not before the district court nor is that question before this court on this appeal. We conclude that the district court did not err in holding that the search for and seizure of the registration was valid. The motion to suppress that evidence was properly denied.

## XI

Wright further contends that cruel and unusual punishments were inflicted upon him during his pretrial detention and prior to sentencing. These, however, are matters which are not before us on this appeal.

## XII

Wright also contends that an illegal sentence was imposed upon him. We find, however, that the length of the term of his imprisonment is within that authorized by law. 18 U.S.C. § 2113(d).

## XIII

And, finally, Wright claims that he was denied an adequate record to make a full showing on appeal. Our review of the record and the numerous objections of the defendant satisfies us that there is very little, if any, of the record which was not available to him and that he was not prejudiced in this regard.

Finding no error in the record in this case the judgments of conviction entered in the district court against defendants Clarence Frederick Wright and Charles Carpenter will be affirmed.