UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles ROBINSON, Defendant-Appellant.

Nos. 71-1747, 72-1139.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1972.

Decided Aug. 10, 1972.

Melvin F. Greenberg, Greenberg, Karp, Heitzman & Edhlund, Madison, Wis., for defendant-appellant.

John O. Olson, U. S. Atty., James Bablitch, James R. Mack, Eric J. Wahl, Asst. U. S. Attys., W. D. Wis., Madison, Wis., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, PELL, Circuit Judge, and DURFEE, Senior Judge of the United States Court of Claims.*

DURFEE, Senior Judge.

Appellant, Charles Robinson, was convicted in the United States District Court on July 28, 1971, for dispensing and distributing a narcotic drug in violation of 26 U.S.C. § 4704(a), and selling a narcotic drug not pursuant to a written order from a buyer, in violation of 26 U.S.C. § 4705(a). On August 9, 1971, defendant was sentenced to two years' imprisonment on the first count, the violation of § 4704(a), and five years on the second count, these sentences to run concurrently pursuant to 18 U.S.C. § 4208(a) (2), which permits parole at the discretion of the parole authorities. Subsequently, on October 18, 1971, the trial judge modified the judgment of commitment by deleting that portion of the sentence permitting the application of 18 U.S.C. § 4208(a), thus making defendant's term of commitment a mandatory five years, pur-

* Senior Judge James R. Durfee of the United States Court of Claims is sitting by designation.

suant to 26 U.S.C. § 7237(d). Defendant moved to have his sentence modified on the basis of its being illegal. However, this motion was denied, 336 F. Supp. 1386. Defendant now brings this appeal, the bases for which are as follows: (1) the sentence as modified is illegal; (2) the voir dire examination of the jury which the court conducted was inadequate to insure a fair trial; (3) defendant's motion for judgment of acquittal should have been granted since the testimony established entrapment as a matter of law; (4) the indictment was multiplicious and violated defendant's constitutional guarantee against double jeopardy; and (5) the court erred in failing to submit certain proposed jury instructions. Based upon the inadequacy of the voir dire, the judgment of the District Court is reversed and the case remanded for a new trial. Moreover, for the reasons set forth in United States v. McGarr, 461 F.2d 1, 7th Cir., April 28, 1972, the modification of the sentence was erroneous. Contrary to appellant's contention, entrapment was not established as a matter of law.

█ On November 20, 1970, Howard Hayes, an agent for the Bureau of Narcotics and Dangerous Drugs, accompanied by an informant, went to an apartment in Madison, Wisconsin, where it was thought they would meet appellant, whom the informant had indicated was selling drugs. Upon meeting appellant, Hayes asked to talk with him in private, and they went into the bedroom where, after some disagreement over the price, appellant sold Hayes a small package of heroin for $150.00. Appellant testified at the trial that the informant had furnished him with heroin on prior occasions and that on November 20, 1970, the informant had requested that appellant sell him some heroin. According to testimony, appellant responded that he did not have any heroin, and that he was sick. Appellant further testified that the solution of lactose and heroin which he had, and which he sold to Hayes, was not strong enough to relieve withdrawal pains, and that Hayes had promised to obtain for appellant heroin of sufficient quality to relieve these pains. Appellant also testified that Hayes had told him there was a girl back at his motel who was badly in need of an injection of heroin. Hayes denied having made this statement. There was also testimony introduced which indicated that the police department of Madison, Wisconsin, had been working with the informant prior to November 20, 1970, and that there had been some cooperation between the Madison police and the Bureau of Narcotics and Dangerous Drugs. The trial court gave an entrapment instruction to the jury.[1] The jury returned a verdict of guilty on both counts of the indictment. Appellant did not establish entrapment as a matter of law. In Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), the Court found that entrapment had been established as a matter of law through the undisputed testimony of the Government's witness, who had been recalled by defendant. In the instant case, the jury was presented with testimony of two witnesses, Agent Hayes and appellant, which bore on the issue of entrapment. If the jury chose to believe Hayes, as they apparently did, they could reasonably find that the criminal activity charged was not "the product of the creative activity" of law enforcement officials. Sorrells v. United States, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932).

█ Instead of permitting counsel to conduct the voir dire examination, the court chose to ask the questions itself, as it is permitted to do under Rule 24(a) of the Federal Rules of Criminal Procedure. However, none of the voir dire questions relating to possible racial prejudice proposed by appellant were asked by the court. Included among the questions proposed by appellant were the following: "Do you have

---

1. The manner in which the jury was so instructed is not a basis for this appeal.

a small amount of prejudice against black people?" "Since defendant is black, would racism affect, in any way, your judgment of the testimony given in this case?" "Would you have any fault to find with the law that says that a person who takes the witness stand, regardless of his profession or color, has equal dignity with any other person who takes the witness stand?" There were other questions as to the possibility of racial prejudice proposed by appellant which need not be set forth here. It is apparent that some of the questions which were proposed by counsel for appellant were rejected by the trial court in the sound exercise of its discretion. The court erred, however, in its failure to inquire into the possibility of racial prejudice among the possible jurors. Government counsel contends that the questions which the trial court did ask subsumed an inquiry into the question of racial prejudice, although these questions were phrased rather generally. In this regard, the Government cites the following questions which were asked by the court of the veniremen: "Do you know of any reason why you may be prejudiced for or against the Government or defendant because of the nature of the case?" and "If you are selected to sit in this case, will you be able or willing to render a verdict solely based on the evidence presented at trial, and the law as I give it to you in my instructions, disregarding any other ideas or notions or beliefs about the law you may have encountered before reaching such a verdict?" Whereas the Government may be correct in its assertion that the above questions dealt with the issue of racial prejudice, albeit in a general way, nonetheless, the trial court abused its discretion in refusing to ask any of the proferred questions relating specifically to racial prejudice. Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931); King v. United States, 124 U.S.App.D.C. 138, 362 F.2d 968 (1966). In attempting to distinguish *King* and *Aldridge* from the case at bar, the Government asserts that those two cases involved a Negro defendant and a white victim, whereas, here, both defendant and the complaining witness are Negro. Whereas this may distinguish this case from the two others cited, it is a distinction without significance. *See* United States v. Gore, 435 F.2d 1110, 1111–1112 (4th Cir. 1970).

It is unnecessary to determine whether there exists a duty on the part of the trial judge to ask his own questions on voir dire when counsel merely raises the issue of racial prejudice by submitting improper questions to the court since, in this case, appellant's counsel submitted at least one question relating to racial prejudice which could have been asked. Of course, if the trial judge had found the question to be inartfully phrased, he certainly could have rewritten it, but on the facts of this case it is not necessary to hold that he was under an obligation to do so. For instance, the question, "[d]o you have a small amount of prejudice against black people?" was not improper and does not suggest the problems encountered by the Fifth Circuit in United States v. Jackson, 448 F.2d 539, 543 n. 1 (1971), cert. denied, 404 U.S. 1063, 92 S.Ct. 750, 30 L.Ed.2d 752 (1972). In sum, the failure of the trial judge to inquire into the possibility of racial prejudice in his voir dire examination of the jury was an abuse of discretion.

■ It is unnecessary to treat the remaining issues raised by appellant in this appeal, except with regard to the modification of the sentence. Suffice it to say that United States v. McGarr, *supra,* was decided by this Circuit on April 28, 1972, in which it held, *inter alia,* that the repeal of 26 U.S.C. § 7237(d) "has made available, even for prosecutions for offenses committed before May 1, 1971, the generally applicable probation and parole procedures."

Accordingly, the judgment of conviction entered by the District Court is reversed, and the case remanded for a new trial.