898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis Leon TAYLOR, Sr., Plaintiff-Appellant,
v.
J.W. JONES; D.W. Robertson, Defendants-Appellees,
and
Tony Anthony; Danville Police Department, Defendants.
 No. 89-6696.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 15, 1989.
Decided: Feb. 15, 1990.
Rehearing and Rehearing In Banc Denied March 1, 19909.
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, District Judge. (C/A No. 88-16-D)
 Curtis Leon Taylor, Sr., appellant pro se.
 Martha White Medley, Daniel, Vaughan, Medley & Smitherman, PC, for appellees.
 W.D.Va.
 AFFIRMED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Curtis Leon Taylor, Sr. filed a 42 U.S.C. Sec. 1983 complaint alleging that (1) officers Robertson and Jones, of the Danville (Virginia) Police Department, improperly arrested him in his home without an arrest warrant in hand; (2) Robertson and Jones used excessive force in effecting his arrest; (3) there was a conspiracy to maliciously prosecute him for "third offense larceny"; and (4) local magistrate Anthony improperly failed to issue warrants for the arrest of Robertson and Jones. The district court granted summary judgment on claims (1), (3), and (4), and claim (2) proceeded to trial. At trial, the jury returned a verdict for defendants. We affirm.
 
 
 2
 * The facts at trial showed that Robertson and Jones were riding patrol when they were informed by the radio dispatcher that Taylor was wanted on six outstanding felony warrants and was suspected of being at his home. The officers attempted to locate Taylor at his residence but Reginald Wilson, a neighbor who had had both of his jaws broken by Taylor four days earlier, told the officers to return in a couple of hours. Upon their return, Robertson and Jones discovered Taylor in his home. The officers put him under arrest[1] and, as they were escorting him out of the house, Taylor attempted to flee. The officers[2] then forcefully attempted to restrain Taylor and, after a 10-minute struggle, put him in the police car.
 
 
 3
 In support of his case Taylor adduced testimony from Joe Davis, an inmate at the local jail, that Taylor told him he had been beaten by Robertson and Jones and his physical appearance supported that story. Also, Taylor took the stand and related that he attempted to escape because the officers had not presented any arrest warrant and he thought the arrest was illegal. Furthermore, Taylor testified that although he did not resist, the officers had him in a headlock and beat him with their fists and a flashlight.
 
 
 4
 On the other hand, defendants showed that Taylor had been a professional boxer and had a reputation for a violent temper. Robertson testified that he had had prior difficulty with Taylor and was particularly wary of having to place him under arrest. Throughout the struggle to place Taylor in handcuffs, he was continually cursing and kicking. All of the officers stated that Taylor was "extremely strong" and his arrest was a demanding task. Moreover, the officers stated that Taylor suffered no visible injuries and when he was offered a towel to wipe off suspected blood, there was none evident.
 
 II
 
 5
 Taylor's appeal raises a number of issues, only a few of which require any discussion. Initially, Taylor contended that he was entitled to the appointment of counsel to assist him at trial. Taylor based his motion on his cataracts condition and a recent head injury sustained in a prison fight which allegedly caused short-term memory loss. A pro se litigant is entitled to the appointment of counsel in a Sec. 1983 action only on a showing of "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984). We have reviewed the tapes of the trial and find that Taylor suffered no impairment in his ability to present his case. Moreover, the only issue presented at trial--the excessive force claim--was not complicated and was adequately presented by Taylor.
 
 
 6
 Regarding Taylor's malicious prosecution claim, we find that Taylor's subsequent guilty plea[3] to all of the charges precludes proof of a necessary element of Taylor's prima facie case--that the prosecution was terminated in Taylor's favor. See Singleton v. City of New York, 632 F.2d 185, 195 (2d Cir.1980), cert. denied, 450 U.S. 920 (1981) (federal law); Morrison v. Jones, 551 F.2d 939, 940 (4th Cir.1977) (Virginia law). Therefore, Taylor has not stated a constitutional deprivation. See Goodwin v. Metts, 885 F.2d 157, 160 n. 1 (4th Cir.1989).
 
 
 7
 Taylor also argued that his arrest was illegal because the officers did not have an arrest warrant in hand when they placed him under arrest. Taylor's argument rests on the decision in Payton v. New York, 445 U.S. 573 (1980). However, unlike Payton, the officers in this case acted based upon a warrant issued by a judge. Therefore, the in-house arrest was proper. See United States v. Jones, 696 F.2d 479, 485 (7th Cir.1982), cert. denied, 462 U.S. 1106 (1983); United States v. Leftwich, 461 F.2d 586, 591-92 (3d Cir.), cert. denied, 409 U.S. 915 (1972); United States v. Salliey, 360 F.2d 699 (4th Cir.1966).[4]
 
 
 8
 In his motion for a new trial, Taylor argued, for the first time, that the jury that decided his case was improperly selected by the use of one racially discriminatory peremptory challenge by defendants. Without deciding whether the decision in Batson v. Kentucky, 476 U.S. 79 (1986), is applicable in civil trials, see e.g., Fludd v. Dykes, 863 F.2d 822 (11th Cir.1989), cert. denied, 58 U.S.L.W. 3218 (U.S. Oct. 2, 1989) (No. 88-2088); Edmonson v. Leesville Concrete Co., 860 F.2d 1308 (5th Cir.1988) (reh'g granted en banc Jan. 23, 1989), we hold that Taylor's failure to object at the time of jury selection bars relief. See Jones v. Butler, 864 F.2d 348, 369-70 (5th Cir.1988) (on rehearing), cert. denied, 57 U.S.L.W. 3753 (U.S. May 15, 1989) (No. 88-6891); Government of Virgin Islands v. Forte, 806 F.2d 73, 75-77 (3d Cir.1986).
 
 
 9
 Finally, Taylor also contends that the judge improperly instructed the jury on the elements of excessive force in violation of Graham v. City of Charlotte, 57 U.S.L.W. 4513 (U.S. May 15, 1989) (No. 87-6571). Contrary to Taylor's assertions, we find that the district court showed commendable familiarity with Graham and was faithful to its dictate.
 
 III
 
 10
 In summary, we find ample evidence to support the verdict rendered and discern no reversible errors of law. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The officers did not have the arrest warrants in hand when they put Taylor under arrest--they were on file at the police station and were served on Taylor when he was booked on these offenses
 
 
 [2]
 Officer Martin, a backup officer, helped subdue Taylor. Martin was not named by Taylor in his complaint
 
 
 [3]
 Taylor pleaded guilty as charged to all offenses two months after his arrest and over one year prior to the trial in this case
 
 
 [4]
 We have considered Taylor's supplemental evidence submitted to this Court in his "memorandum in support" and hold that it does not affect our view of the matter